IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ADNAN I.,[1] | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 22 C 616 |
| v. | ) | |
| | ) | Magistrate Judge Laura K. McNally |
| CAROLYN COLVIN, | ) | |
| Acting Commissioner of | ) | |
| Social Security,[2] | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**[3]

Before the Court is Plaintiff Adnan I.'s motion in support of summary judgment, asking the Court to remand the Administrative Law Judge's ("ALJ") decision denying his applications for disability benefits (D.E. 14: Pl. Mem. in Support of Summ. J., "Pl.

---

[1] The Court in this order is referring to Plaintiff by his first name and first initial of his last name in compliance with Internal Operating Procedure No. 22 of this Court.

[2] The Court substitutes for her predecessor, Martin O'Malley, Carolyn Colvin as the proper defendant in this action pursuant to Federal Rule of Civil Procedure 25(d) (a public officer's successor is automatically substituted as a party).

[3] On February 22, 2022, by consent of the parties and pursuant to 28 U.S.C. § 636(c) and Local Rule 73.1, this case was reassigned to the magistrate judge for all proceedings, including entry of final judgment. (D.E. 9.)

Mem.") and Defendant's motion and brief in support of summary judgment (D.E. 17: Def. Mot. for Summ. J.; D.E. 18: Def. Mem. in Support of Summ. J.: "Resp.").

I. **Procedural History**

Plaintiff applied for disability insurance benefits ("DIB") on October 10, 2018 and for supplement security income ("SSI") on March 21, 2019, alleging disability for both claims beginning May 17, 2016. (R. 398-400, 405-410.) His date last insured was December 31, 2018. (R. 179.)

The ALJ held three separate hearings. The first two occurred on February 18, 2020 and July 23, 2020, after which, on August 14, 2020, the ALJ found Plaintiff was not disabled. (R. 193.) Plaintiff appealed this decision and on January 8, 2021, the Appeals Council vacated the prior decision and remanded the case back to the ALJ to address an issue relating to the ALJ's determination of "past work" under the SSA regulations. (R. 194, 197.)[4] The ALJ held a third hearing on April 15, 2021, and on April 28, 2021 issued a second decision, again finding Plaintiff not disabled. (R. 38.)[5]

---

[4] Specifically, the Appeals Council directed the ALJ to consider whether Plaintiff had worked at his prior job as a customer service representative for a long enough period of time to fully learn it so that it could be considered past work under SSA regulations. (R. 197.)

[5] The Appeals Council subsequently denied review of the second opinion (R. 1), making the ALJ's decision the final decision of the Commissioner. *Bertaud v. O'Malley*, 88 F.4th 1242, 1244 (7th Cir. 2023).

2

### A. First ALJ Decision – August 14, 2020

At the February 2020 hearing, Plaintiff testified that he was unable to walk further than a block, that he always used a cane, and that he'd fallen at least one time, hurting his face and shoulder. (R. 136-7.) At the supplemental hearing in July 2020, Plaintiff again testified that he used a cane, but even with it, he still had difficulty walking because of pain. (R. 91, 94.) In finding Plaintiff not disabled in her August 2020 decision, the ALJ's residual functional capacity included that Plaintiff "may need use of a cane for ambulation." (R. 182.)

### B. Second ALJ Decision

After the Appeals Council remand, at the April 2021 hearing, Plaintiff testified that he was unable to work because of "unbelievable" pain in his back that shoots down his arms and legs. (R. 57.) He again confirmed that he was using his cane but that he was not able to walk much even with it. (R. 66.) Through a hypothetical, the ALJ suggested a residual functional capacity of a reduced range of light work with only four hours of standing/walking and other postural limitations. (R. 77.) The vocational expert testified that for that hypothetical residual functional capacity—which the ALJ ultimately adopted—no jobs existed that would allow Plaintiff to use a cane. (R. 78.)[6]

---

[6] The ALJ also asked the VE a hypothetical that required only two hours of standing and walking. (R. 75.) The VE testified that there were jobs at the sedentary level Plaintiff could perform, and that these jobs would allow for the use of a cane. (R. 76-77.)

3

**II.     The ALJ's Five-Step Analysis**

In her second decision, the ALJ indicated that she reconsidered Plaintiff's testimony from the two hearings prior to remand and weighed all the testimony against the objective and other evidence in the file. (R. 29.) The ALJ found it "noteworthy" that the Appeals Council did not list any issues for remand beyond the issue relating to prior work and thus the August 2020 opinion "essentially remains intact and the prior discussion of that evidence has been incorporated into the current hearing decision." (R. 24.)

Next the ALJ applied the Social Security Administration's ("SSA") five-step sequential evaluation process to Plaintiff's claims. At Step One, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since his alleged onset date (R. 26.) At Step Two, the ALJ determined that Plaintiff had the following severe impairments: spine disorders/degenerative disc disease and sacral iliac (SI) joint osteoarthritis. (*Id.*) At Step Three, the ALJ found that none of Plaintiff's impairments met a Listing. (R. 28.) Before Step Four, the ALJ determined that Plaintiff had a residual functional capacity for "light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he can stand/walk 4 hours; frequently handle and finger bilaterally; is precluded from climbing ladders, ropes or scaffolds; and can occasionally stoop, kneel, crouch and crawl." (*Id.*)

At Step Four the ALJ found Plaintiff was unable to perform any of his previous work, but found at Step Five that there were significant jobs in the national economy Plaintiff could perform. (R. 35-37.) Therefore, the ALJ held that Plaintiff was not disabled. (*Id.*)

### III. Legal Standard

Under the Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a).

The Court does not "merely rubber stamp the ALJ's decision on judicial review." *Prill v. Kijakazi*, 23 F.4th 738, 746 (7th Cir. 2022) An ALJ's decision will be affirmed if it is supported by "substantial evidence," which means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019). "[T]he threshold for such evidentiary sufficiency is not high." *Id*. ALJs are "subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050, 1053 (7th Cir. 2024). "All we require is that ALJs provide an explanation for how the evidence leads to their conclusions that is sufficient to allow us,

as a reviewing court, to assess the validity of the agency's ultimate findings and afford the appellant meaningful judicial review." *Id*. at 1054. The Seventh Circuit added that "[a]t times, we have put this in the shorthand terms of saying an ALJ needs to provide a 'logical bridge from the evidence to his conclusion.'" *Id*. (citation omitted). The Seventh Circuit further has clarified that district courts, on review of ALJ decisions in Social Security appeals, are subject to a similar minimal articulation requirement: "A district (or magistrate) judge need only supply the parties . . . with enough information to follow the material reasoning underpinning a decision." *Morales v. O'Malley*, 103 F.4th 469, 471 (7th Cir. 2024). The district court's review of the ALJ's opinion "will not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute its judgment for the ALJ's determination." *Chavez v. O'Malley*, 96 F.4th 1016, 1021 (7th Cir. 2024) (internal quotations omitted).

### IV.  Analysis

While Plaintiff makes a number of arguments attacking the ALJ's opinion, only one requires remand: that the ALJ's residual functional capacity determination is not supported by substantial evidence because it does not account for Plaintiff's use of a cane.

"A cane must be incorporated in an RFC if it is a medical necessity." *Jacqueline V. v. O'Malley*, No. 20 CV 6272, 2024 WL 1363710, at *5 (N.D. Ill. Mar. 29, 2024), *citing Lohn Eric E. v. Saul,* No. 20 C 2303, 2021 WL 722828, at *2 (N.D. Ill. Feb. 24, 2021). "To find

6

that a hand-held assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information." SSR 96-9p, 1996 WL 374185, at *7. Notably, [a claimant's] use of a cane is not probative of his actual need for the cane." *Stojakovic v. Colvin*, No. 14-CV-5480, 2015 WL 1966857, at *9 (N.D. Ill. May 1, 2015). *Arricka C.T. v. Comm'r of Soc. Sec.*, Case No. 1:21-cv-1115-JEH, 2022 WL 16707284, at *3-6 (C.D. Ill. Aug. 30, 2022) (affirming ALJ's finding that cane was not medically necessary even though two of plaintiff's treaters prescribed her a cane).

As the ALJ acknowledges, Plaintiff's primary care physician, Melissa Pradhan, M.D., prescribed a cane in August 2018 and Plaintiff testified at each hearing about using it. (R. 29, 31, 798.) Aside from mentioning Plaintiff's prescription and his hearing testimony about his cane use, the ALJ does not address Plaintiff's need for a cane or her conclusion that Plaintiff could work at a reduced light exertional level, standing and walking for four hours in an eight-hour workday.

Notably, while stating that her prior decision and discussion of evidence remains intact, the ALJ wholly changed her determination of Plaintiff's residual functional capacity, removing without explanation the earlier limitation that he might need to use a cane. The ALJ undertakes no evaluation of the cane's medical necessity and the Court

7

is unable to trace the evidence to her apparent conclusion that Plaintiff no longer needs to use a cane to work.

This error requires remand. *Thomas v. Colvin*, 534 F. App'x 546, 550 (7th Cir. 2013). In *Thomas,* the ALJ ignored virtually all record evidence demonstrating Plaintiff's need for a cane, including a doctor's note describing falls, his prescription for a cane, a document Plaintiff submitted to the state agency explaining his need for a cane, reports noting Plaintiff's cane use, and "most importantly," the presence of Plaintiff's cane at his hearing and his testimony about why he needed it. *Id.* Defendant attempts to distinguish *Thomas* by arguing "there is no indication [Plaintiff] had a cane at his hearing, save for his own testimony," and because Plaintiff can point to no evidence—including medical opinions—showing that a doctor found a cane medically necessary. (Resp. at 11)[7]

Defendant's attempt to distinguish *Thomas* and *Cornes* does not convince the Court that the ALJ's error was harmless. In both cases, it was the absence of any evaluation of medical necessity that compelled remand; the content or amount of evidence the ALJ overlooked may have supported, but did not determine, the outcome.

---

[7] Plaintiff cites a second case where the district court remanded because the ALJ failed to address the medical necessity of Plaintiff's cane. *Cornes v. Berryhill,* No. 17-cv-195, 2018 WL 1790057 (N.D. Ind. April 16, 2018. In *Cornes,* the district court found the ALJ's failure to discuss medical necessity was compounded by his unwarranted emphasis on the absence of a prescription for Plaintiff's walker.

8

Indeed, Defendant cites no decision affirming an ALJ's failure to address medical necessity as harmless error, and the Court has found none.

But even if a harmless error standard were available, this opinion would require remand. The medical record contains evidence supporting Plaintiff's need for and regular use of a cane, including his own testimony about needing to use a cane and having a previous fall, an examination note that reflects use of a walker, and his affirmation at his hearings that he used his cane all the time to walk. This Court will not conclude, as a matter of law, that Plaintiff's testimony about his cane use was false.

## CONCLUSION

For the foregoing reasons, the Court grants Plaintiff's motion for summary judgment seeking to reverse and remand the ALJ's decision (D.E. 14) and denies the Commissioner's motion for summary judgment. (D.E. 17).

**SO ORDERED.**

                **ENTER:**

                *Laura K. McNally*
                _____

                **LAURA K. MCNALLY**
                **United States Magistrate Judge**

**DATED: January 21, 2025**